■ In the Matter of DADE WYNN F., a Child Alleged to be Neglected. DAMETRI F., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent. [737 NYS2d 346] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered on or about September 5, 2000, which, upon a fact-finding determination of permanent neglect pursuant to Social Services Law § 384-b, terminated respondent's parental rights to the subject child and transferred custody and guardianship of the child to petitioner St. Christopher-Ottilie and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence, including the testimony of petitioner's supervising caseworker, drug test reports, and the termination summary of respondent's therapist, supports Family Court's finding that appellant, by failing to complete a drug treatment program within the statutorily relevant time frame, failed to plan for, and thus permanently neglected, her son (*see*, Social Services Law § 384-b [7]; *Matter of Natajha Starr M.*, 204 AD2d 232, *lv denied* 84 NY2d 806). Although petitioner agency diligently endeavored to help respondent address the substance abuse problems preventing the return of her child, and, in this connection, referred her for psychotherapy and arranged for her to attend a drug rehabilitation program, respondent, despite petitioner's urging, failed to avail herself meaningfully of the offered therapeutic services (*see, id.; Matter of Michael M.*, 172 AD2d 152). No basis exists to disturb Family Court's findings crediting the caseworker's testimony over that of petitioner.

The evidence presented at the dispositional hearing sufficed to support Family Court's determination that it was in the subject child's best interests to be freed for adoption.

We have reviewed respondent's remaining contention and

find it to be unavailing. Concur—Williams, J.P., Andrias, Rosenberger and Buckley, JJ.