■ In the Matter of KIMBERLY C., a Child Alleged to be Permanently Neglected. ANGELA C. et al., Appellants; THE CHILDREN'S AID SOCIETY, Respondent. [829 NYS2d 84]—

Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about July 26, 2005, which, upon findings of permanent neglect, terminated appellants' parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supported the determination that the parents permanently neglected the subject child by failing to plan for her future despite the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136 [1984]; Matter of Sheila G., 61 NY2d 368, 384-386 [1984]). The record clearly demonstrates that although the parents were aware of the need for, among other things, domestic violence counseling, they stood as an obstacle to such counseling by incredibly and repeatedly denying the need for such intervention (see Matter of Samantha C., 305 AD2d 167 [2003], lv denied 100 NY2d 508 [2003]; Matter of Gyvon Lamar P., 190 AD2d 592 [1993], lv denied 82 NY2d 654 [1993]). The parents' attendance at counseling programs was insufficient, given their failure to gain insight, accept responsibility and modify their behavior (see Matter of Nathaniel T., 67 NY2d 838, 841-842 [1986]). Moreover, respondent father failed to complete an alcohol abuse program, denying any problem in the face of clear evidence to the contrary. Finally, despite the agency's diligent scheduling efforts, the parents' visits with the child were, at best, sporadic.

The court properly found that the child's best interests were served by terminating respondents' parental rights, freeing her for adoption by her foster parents, the child's maternal great aunt and uncle, with whom she has lived her entire life. This is especially so where the child will continue to have contact with her natural parents and her siblings, most of whom are cared for by the maternal grandmother (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Concur—Tom, J.P., Friedman, Sullivan, Nardelli and Catterson, JJ.