■ In the Matter of PERLA B., a Child Alleged to be Permanently Neglected. ELSA M. et al., Appellants; COALITION FOR HISPANIC FAMILY SERVICES, Respondent. [851 NYS2d 173]—

Order, Family Court, New York County (Sara Schechter, J.), entered on or about January 16, 2007, which, to the extent appealable, found respondents had permanently neglected the subject child, unanimously affirmed, and the appeals otherwise dismissed, without costs.

The court appropriately exercised its discretion in granting petitioner leave to file an amended petition changing the time frame in which to establish respondents' permanent neglect of the subject child as the amendment did not prejudice respondents or in any way hinder them from preparing their defense (*see Cherebin v Empress Ambulance Serv., Inc.*, 43 AD3d 364 [2007]).

Clear and convincing evidence supports the court's finding that respondents permanently neglected the subject child by failing to plan for her future (*see* Social Services Law § 384-b [7] [a]). The record clearly demonstrates that respondents failed to form a positive bond with the child despite weekly visits, which were ultimately suspended as a result of respondents' disruptive behavior, and failed to acknowledge respondent father's culpability for the conduct underlying his conviction for sexual abuse (*see Matter of Kimberly C.*, 37 AD3d 192 [2007], *lv denied* 8 NY3d 813 [2007]).

Since respondents failed to appear at the dispositional hearing, the dispositional determinations were entered upon default and are not appealable (*see Matter of Rosa S.*, 38 AD3d 216 [2007]). In any event, given the evidence of permanent neglect and the length of time the child already had spent in foster care, the court properly proceeded with the dispositional hearing in their absence (*see Matter of Ramon David W.*, 290 AD2d 357 [2002]). Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.