■ In the Matter of JADA SERENITY H., a Child Alleged to be Permanently Neglected. CLIFTON H., Appellant; MCMAHON SERVICES FOR CHILDREN/GOOD SHEPHERD SERVICES, Respondent. [874 NYS2d 113]—

Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about February 25, 2008, which terminated respondent father's parental rights to his daughter after a fact-finding determination that he had permanently ne-

glected the child, and transferred custody and care to the New York City Commissioner of Social Services and petitioner for the purpose of adoption, unanimously affirmed, without costs.

Unlike a fact-finding hearing, where the issue of permanent neglect is resolved, a dispositional hearing is concerned only with the best interests of the child (Family Ct Act § 631). There is no presumption that those interests will best be served by return of the child to her parent (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]).

Respondent, who did not challenge the court's finding of permanent neglect, seeks a suspended judgment based on his progress in remaining drug free for approximately one year and his intention to terminate his relationship with the child's mother, which in the past was an impediment to his obtaining custody because of the mother's drug abuse.

The child has been in the same kinship foster home for almost six years, since she was six months old. The court found that her foster mother provided a loving and nurturing home and had met all of the child's physical, emotional, medical and educational needs for almost her entire life, and that the child lived with her half sister, who was adopted by the foster mother. The foster mother has expressed a desire to adopt this child.

Despite respondent's progress in rehabilitating himself, the child should not be denied permanence through adoption in order to provide him with additional time to demonstrate that he can be a fit parent. Unfortunately, his past efforts were not successful and he relapsed into drug abuse.

Termination of parental rights is warranted where the child has lived most of her life with a foster parent with whom she maintains a positive relationship, and who wants to adopt her, even where the parent has made commendable but belated efforts to remain drug free (see Matter of Roger Guerrero B., 56 AD3d 262 [2008]; Matter of Saraphina Ameila S., 50 AD3d 378, 379 [2008]). The court correctly determined that it was in the child's best interests to terminate respondent's parental rights and enable her to be adopted by her foster mother. Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.