■ In the Matter of NAISHA J.V. and Another, Children Alleged to be Neglected. JOHN V., Appellant; SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent. [941 NYS2d 570]—

Orders of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about January 5, 2011, which, upon findings of permanent neglect, terminated respondent father's parental rights to his daughters Anahys C. and Naisha J.V., and committed custody of the children to the Seamen's Society for Children and Families for the purpose of adoption, unanimously affirmed, without costs.

Family Court's determination that the father permanently neglected the children was supported by clear and convincing evidence. The agency presented ample evidence demonstrating the diligent efforts it made to strengthen the father's relationship with the children by furnishing him with a service plan tailored to his individualized needs, and affording him referrals for treatment programs to address his particular obstacles (*see* Social Services Law § 384-b [7] [a]; *Matter of Eddie Christian S.*, 44 AD3d 504 [2007], *lv denied* 9 NY3d 818 [2008]). Even considering the period of the father's incarceration, the agency's diligent efforts were made to no avail (*see Matter of Gregory B.*, 74 NY2d 77, 87 [1989]; Social Services Law § 384-b [7] [f] [3]). Other than completing an anger management program, the father entirely failed to complete the service plan during the statutory period. Most troubling, however, is the father's refusal to take responsibility for sexually abusing the children despite the Family Court's finding, which finding this Court affirmed (*see Matter of Anahys V. [John V.]*, 68 AD3d 485 [2009], *lv denied* 14 NY3d 705 [2010]), and despite knowing that it stood in the

way of reunification with his children (*see Matter of Elijah Jose S. [Jose Angel S.]*, 79 AD3d 533 [2010], *lv denied* 16 NY3d 708 [2011]; *Matter of Perla B.*, 48 AD3d 261 [2008]; *Matter of Ronald Jamel W.*, 227 AD2d 169 [1996], *lv denied* 89 NY2d 803 [1996]). This supports Family Court's determination that the father "substantially and continuously or repeatedly" failed to plan for the children's future (Social Services Law § 384-b [7] [a]; *see Matter of Jonathan R.*, 30 AD3d 426 [2006], *lv denied* 7 NY3d 711 [2006]).

Further, a preponderance of the evidence demonstrates that the children's best interests are served by terminating the father's parental rights and freeing them for adoption. At the time of the dispositional hearing, the children had been living with foster parents for over four years, and are getting along well in that kinship foster home. We decline to grant the father's request for a suspended judgment because it is not warranted under the circumstances, which include his repeated incarcerations, the length of time the children have spent in the care of their kinship foster parents, who wish to adopt them, and considering the children's need for permanence and stability (*see Matter of Jada Serenity H.*, 60 AD3d 469 [2009]; *Matter of Jahisha Jaysawnna J.*, 22 AD3d 383 [2005]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.