■ In the Matter of DANIELLE NEVAEHA S.E., a Child Alleged to be Permanently Neglected. CRYSTAL DELORES M., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES et al., Respondents. [967 NYS2d 355]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about August 24, 2012, which, insofar as appealed from as limited by the briefs, upon a fact-finding determination that respondent mother permanently neglected the subject child, terminated the mother's parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding that the mother permanently neglected her daughter was established by clear and convincing evidence. Despite diligent efforts made by the agency to encourage and strengthen the parental relationship, the mother failed during the relevant time period to plan for the future of the child (*see* Social Services Law § 384-b [7]). In particular, the record shows that petitioner met regularly with the mother to prepare a service plan and review her progress, arranged visitation between the mother and her child, and encouraged the mother to

complete her drug treatment program. These efforts notwithstanding, the mother failed to complete her service plan within the statutorily relevant time frame (*see Matter of Jules S. [Julio S.]*, 96 AD3d 448 [1st Dept 2012], *lv denied* 19 NY3d 814 [2012]; *Matter of Dade Wynn F.*, 291 AD2d 218 [1st Dept 2002], *lv denied* 98 NY2d 604 [2002]).

A preponderance of the evidence supports the determination that it was in the best interests of the child to terminate the mother's parental rights rather than issue a suspended judgment (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Here, the child has lived most of her life with her foster parent with whom she maintains a positive relationship and who wants to adopt her and her older siblings. That the mother has made efforts to remain drug free does not warrant a different finding under the circumstances (*see Matter of Jada Serenity H.*, 60 AD3d 469 [1st Dept 2009]; *Matter of Rutherford Roderick T.*, 4 AD3d 213 [1st Dept 2004]).

We have considered the mother's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.