■ In the Matter of JAILEEN X.M. and Another, Infants. AN-NETTE M. et al., Appellants; THE CHILDREN'S AID SOCIETY, Respondent. [974 NYS2d 440]—

Orders of disposition, Family Court, Bronx County (Jeanette Ruiz, J.), entered on or about August 28, 2012, which, upon a fact-finding determination that respondents permanently neglected their children, terminated respondents' parental rights and transferred the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children Services for the purpose of adoption, unanimously affirmed, without costs.

The agency proved by clear and convincing evidence that it exercised diligent efforts to reunite respondents with their children and that, despite these efforts, respondents failed to submit to drug testing, and tested positive for narcotics during the statutory period (see Social Services Law § 384-b [7] [a], [f]; Matter of Jules S. [Julio S.], 96 AD3d 448, 449 [1st Dept 2012], lv denied 19 NY3d 814 [2012]; Matter of Angelica G. [Frank G.], 74 AD3d 470 [1st Dept 2010]; Matter of Dade Wynn F., 291 AD2d 218, 218 [1st Dept 2002], lv denied 98 NY2d 604 [2002]). Respondents also failed to complete their mental health evaluations and failed to address the anger management issues that interfered with their ability to care for the children (see Matter of Alexis C. [Jacqueline A.], 99 AD3d 542, 542-543 [1st Dept 2012], lv denied 20 NY3d 856 [2013]).

Despite the agency's twice referring them for parenting skills classes, respondents did not seem to improve or to gain insight into their children's special needs or the reasons for their placement in foster care. Indeed, the unsupervised visitation extended to respondents twice by the agency had to be suspended because the children were found with bruises and scratches, which respondents failed to adequately explain (see Matter of Ashley R. [Latarsha R.], 103 AD3d 573 [1st Dept 2013], lv denied 21 NY3d 857 [2013]). A caseworker testified that when the children returned from family visits, their clothing was stained and reeking of urine, and one of the children's diaper rash was more severe after the children were left in respondents' care (see Matter of Brandon R. [Chrystal R.], 95 AD3d 653, 653 [1st Dept 2012], lv denied 20 NY3d 998 [2013]).

While respondent mother contends that the agency failed to provide her with more assistance in overcoming her long battle with drug addiction, the record supports the court's finding that the mother ignored the agency's repeated efforts to reach out to

her (*see Matter of Jabar H. [Gabrielle P.]*, 104 AD3d 440 [1st Dept 2013]). In any event, the agency was not charged with guaranteeing respondent's success in overcoming her problems (*id.*). The fact that respondents consistently visited with the children does not preclude a finding of permanent neglect, since clear and convincing evidence established that they failed to plan for their children's future by taking effective steps to correct the conditions leading to the children's removal or to advance a realistic, feasible plan (*see Matter of Nathaniel T.*, 67 NY2d 838 [1986]; *Matter of Jonathan Jose T.*, 44 AD3d 508 [1st Dept 2007]).

A preponderance of the evidence supports the court's conclusion that it was in the best interests of the children to be freed for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Mark Eric R. [Juelle Virginia G.]*, 80 AD3d 518 [1st Dept 2011]). A suspended judgment is not warranted, since the children have been living for most of their lives with the foster mother, who is equipped to handle their special needs, and they are thriving in her care (*see Matter of Carol Anne Marie L. [Melissa L.]*, 74 AD3d 643 [1st Dept 2010]). Contrary to respondents' contention, they offered no evidence of realistic plans for providing an adequate and stable home for the children (*see Matter of Rutherford Roderick T. [Rutherford R.T.]*, 4 AD3d 213 [1st Dept 2004]). The children have spent six years in foster care, and should not be denied permanence through adoption so that respondents will have more time to demonstrate that they can be fit parents (*see Matter of Isabella Star G.*, 66 AD3d 536, 537 [1st Dept 2009]). Concur—Tom, J.P., Mazzarelli, Freedman, Richter and Feinman, JJ.