■ In the Matter of DESIREE M. and Another, Children Alleged to be Permanently Neglected. AYTHEA M., Appellant; CATHOLIC GUARDIAN SERVICES, Respondent. [39 NYS3d 21]—

Orders, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about June 29, 2015, which, upon a fact-finding determination that respondent mother permanently neglected her son and daughter, terminated her parental rights to the children, and committed their care and custody to the petitioner-agency Catholic Guardian Services and the Commissioner for Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supported the findings of permanent neglect (*see* Social Services Law § 384-b [7]). The agency expended diligent efforts to strengthen the parental relationship between respondent and the children by discussing with respondent what she needed to do to complete her service plan; attempting to locate kinship resources for the children; referring respondent to mental health treatment, domestic violence counseling, anger management, and parental skills training; assisting respondent in seeking housing, including conducting an expedited home study of a kinship resource; monitoring respondent while the children were temporarily discharged back to her in 2010; and scheduling visitation (*see Matter of Ebonee Annastasha F. [Crystal Arlene F.],* 116 AD3d 576 [1st Dept 2014], *lv denied* 23 NY3d 906 [2014]). The fact that respondent refused housing assistance and failed to sign releases so that caseworkers could verify her compliance with services rendered the agency's diligent efforts unavailing (*see Matter of Julian Raul S. [Oscar S.],* 111 AD3d 456 [1st Dept 2013]; *Matter of Kimberly C.,* 37 AD3d 192 [1st Dept 2007], *lv denied* 8 NY3d 813 [2007]).

In addition, clear and convincing evidence demonstrates that respondent permanently neglected the children by failing to plan for their future, because she failed to complete a mother-child program, mental health services and anger management as required by her service plan, never gained insight into the reasons why the children were placed into foster care or

advanced a realistic, feasible plan for their future care during the relevant statutory period (*see Matter of Emily Jane Star R. [Evelyn R.]*, 117 AD3d 646 [1st Dept 2014]; *Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502 [1st Dept 2013], *lv denied* 22 NY3d 859 [2014]; *Matter of Alpacheta C.*, 41 AD3d 285 [1st Dept 2007], *lv denied* 9 NY3d 812 [2007]; *Matter of Galeann F.*, 11 AD3d 255 [1st Dept 2004], *lv denied* 4 NY3d 703 [2005]). In addition, the record shows that respondent failed to obtain suitable housing for the children and missed a number of scheduled supervised visits with them (*see Matter of Jonathan Jose T.*, 44 AD3d 508 [1st Dept 2007]).

A preponderance of the evidence demonstrated that it was in the children's best interests to terminate respondent's parental rights and free them for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Mark Eric R. [Juelle Virginia G.]*, 80 AD3d 518 [1st Dept 2011]). A suspended judgment was not warranted here, because the progress made by respondent in completing a domestic violence class in 2014 and visiting the children in the months preceding the dispositional determination was insufficient to warrant any further prolongation of the children's unsettled familial status (*see Matter of Chandel B.*, 61 AD3d 546, 547 [1st Dept 2009], citing *Matter of Maryline A.*, 22 AD3d 227, 228 [1st Dept 2005]).

Respondent concedes that she did not preserve the issue of whether it was error for the Family Court not to interview her daughter in camera. If we were to review the issue, we would find that there is no merit to respondent's contention, because Social Services Law § 384-b (3) (k) contains no such requirement (*see Matter of Georges P. [Yvelisse A.]*, 103 AD3d 570, 570 [1st Dept 2013], *lv denied* 21 NY3d 855 [2013], citing *Matter of Jayden C. [Michelle R.]*, 82 AD3d 674, 675 [1st Dept 2011]). Concur—Friedman, J.P., Richter, Feinman, Kapnick and Kahn, JJ.