■ In the Matter of MYA MALAYSHA W., an Infant. DEBORA D.M. et al., Appellants; CHILDREN's AID SOCIETY, Respondent, et al., Petitioner. [41 NYS3d 42]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 9, 2015, which, upon findings of permanent neglect, terminated respondents' parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence demonstrated that the agency made diligent efforts to strengthen the parental relationship with the child by establishing a visitation schedule and referring respondents to individual counseling, drug treatment programs, parenting skills classes, and assigning a visiting coach when they had issues with visitation (*see Matter of Precious W. [Carol R.]*, 70 AD3d 486 [1st Dept 2010]). The agency also referred respondent mother to an anger management

program and twice attempted to have respondent father speak with the child's therapist to assist him in understanding why the child was refusing to see or speak with him, which he refused (*see Matter of Gina Rachel L.*, 44 AD3d 367 [1st Dept 2007]). The mother's refusal to comply with drug treatment and drug screenings and the father's refusal to meet with the child's therapist or allow caseworkers to view the condition of his home prior to the petitions being filed rendered the agency's diligent efforts on these issues unavailing (*see Matter of Kimberly C.*, 37 AD3d 192 [1st Dept 2007], *lv denied* 8 NY3d 813 [2007]).

Despite the agency's diligent efforts, the fact that the mother failed to complete a drug treatment program before the child had been in foster care for at least one year established by clear and convincing evidence that she permanently neglected the child (*see Matter of Dade Wynn F.*, 291 AD2d 218 [1st Dept 2002], *lv denied* 98 NY2d 604 [2002]). Furthermore, the mother twice tested positive for drugs, and refused to submit to drug screenings during the statutory look-back period (*see Matter of Davon Jamel W.*, 303 AD2d 213 [1st Dept 2003], *lv denied* 100 NY2d 503 [2003]). She failed to address her anger issues which frequently affected her visitation with the child.

Although the father completed many of the services required by his service plan, he failed to adequately plan for the child's future. He never gained insight into his parenting problems and consistently refused to separate from the mother, who actively used drugs and caused the removal of the child in the first instance (*see Matter of Janell J. [Shanequa J.]*, 88 AD3d 512 [1st Dept 2011]; *Matter of Jaquone Emiel B.*, 288 AD2d 57 [1st Dept 2001], *lv denied* 97 NY2d 608 [2002]).

Furthermore, the record shows that a number of the visits between respondents and the child did not go well, as respondents argued with each other while they were in front of the child (*see Matter of Jeremiah Emmanuel R. [Sylvia C.]*, 101 AD3d 571 [1st Dept 2012], *lv denied* 20 NY3d 863 [2013]). Even if the visits had gone well, the fact that respondents visited their daughter did not preclude a finding of permanent neglect given their failure to plan for her future (*see Matter of Emanuel N.F.*, 22 AD3d 288 [1st Dept 2005]).

A preponderance of the evidence establishes that it is in the best interests of the child to terminate respondents' parental rights. The child has been in and out of foster care her entire life and wants to be adopted by her foster parents, who provide for her needs and want to adopt her (*see Matter of Jada Serenity H.*, 60 AD3d 469 [1st Dept 2009]). A suspended judgment so

as to provide respondents with additional time to demonstrate that they can be fit parents is not warranted under the circumstances. Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.