Matter of Amanda M.T. (Charles Franklin T.) (2020 NY Slip Op 07307)





Matter of Amanda M.T. (Charles Franklin T.)


2020 NY Slip Op 07307


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Docket No. B-06753-5/18 Appeal No. 12541-12541A Case No. 2019-03455 

[*1]In the Matter of Amanda M.T., Also Known as Amanda T., and Another, Dependent Children Under Eighteen Years of Age, etc., Charles Franklin T. Also Known as Charles T., Respondent-Appellant, New York Foundling Hospital, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Orders, Family Court, New York County (Jane Pearl, J.), entered on or about June 6, 2019, which, upon a finding of permanent neglect, terminated respondent-father's parental rights to the subject children and transferred custody of the children to petitioner-agency, New York Foundling Hospital, and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect was supported by clear and convincing evidence because the record shows that the agency expended diligent efforts by discussing with respondent the necessity of completing his service plan, scheduling visitation, and referring him for mental health evaluation and treatment (see Matter of Tion Lavon J. [Saadisha J.], 159 AD3d 579 [1st Dept 2018]). The record also shows that respondent permanently neglected the children despite the agency's diligent efforts, because in failing to comply with mental health services and visit consistently, he failed to plan for and maintain contact with the children and permanently neglected them (see e.g. Matter of Malcolm M.L., 177 AD3d 442, 443 [1st Dept 2019]; Matter of Zariah M.E. 171 AD3d 607, 608 [1st Dept 2019]).
A preponderance of the evidence supports the Family Court's determination that it was in the children's best interest to terminate respondent's parental rights and free them for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-48 [1984]). At the time of the proceedings, the children had spent their entire lives in foster care. Two of the children reside together in their long-term foster home, where they are well-cared for and where they wish to remain, and their foster parents wish to adopt them (see Matter of Jada Serenity H. v Clifton H., 60 AD3d 469, 874 NYS2d 113 [1st Dept 2009]) and will allow for contact with the third child (see Matter of Tabitha T.S.M., 159 AD3d 703, 705 [2d Dept 2018] [citations omitted]).
A suspended judgment was not appropriate here, because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the children (see e.g. Matter of Felicia Malon Rogue J., 146 AD3d 725, 726 [1st Dept 2017]). The record also shows that respondent has delayed in addressing his mental health treatment, which remained unresolved at the time of disposition (see Matter of Jada Serenity H., 60 AD3d 469).
We find respondent's contention that trial counsel was ineffective at the dispositional hearing unsupported and unavailing (see Matter of Adam M. M. [Sophia M.],179 AD3d 801 [2d Dept 2020]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020