Matter of Serenity K. T. (Shanisha S.) (2021 NY Slip Op 00273)





Matter of Serenity K. T. (Shanisha S.)


2021 NY Slip Op 00273


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Docket No. B25527/17 Appeal No. 12906 Case No. 2019-03966 

[*1]In the Matter of Serenity K. T., A Child Under Eighteen Years of Age, etc., Shanisha S., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Patria Frias-Colon, J.), entered on or about June 6, 2019, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence. The record shows that the agency expended diligent efforts by discussing with respondent the necessity of completing her service plan, scheduling visitation, and by referring her for mental health services and substance abuse treatment (see Matter of Tion Lavon J. [Saadisha J.], 159 AD3d 579 [1st Dept 2018]). The record also shows that respondent permanently neglected the child despite the agency's diligent efforts by failing to comply with mental health services, substance abuse treatment, and to visit consistently (see e.g. Matter of Malcolm M.L. [Ruby C..], 177 AD3d 442 [1st Dept 2019]; Matter of Zariah M.E. [Alexys T..] 171 AD3d 607, 608 [1st Dept 2019]).
A preponderance of the evidence supports the Family Court's determination that it was in the child's best interest to terminate respondent's parental rights and free her for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). At the time of the proceedings, the child had spent most of her life in foster care, not having resided with the mother since she was, at most, two years old, and was well-bonded with the foster mother who wishes to adopt her (see Matter of Jada Serenity H., 60 AD3d 469 [1st Dept 2009]) .
A suspended judgment was not appropriate here given the length of time the child has been in foster care and the strong ties she has formed with her foster mother and because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the child (see e.g. Matter of Felicia Malon Rogue J. [Lena J..], 146 AD3d 725, 726 [1st Dept 2017]; see also e.g. Matter of Tion Lavon J. [Saadiasha J..], 159 AD3d 579, 579-580 [1st Dept 2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021