■ In the Matter of RAYSHAWN F., Also Known as RASHAWN F., an Infant. SANDRA G., Appellant; CATHOLIC GUARDIAN SOCIETY, Respondent. [827 NYS2d 52]—

Order of disposition, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about August 5, 2005, which, after a fact-finding determination, terminated respondent mother's parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption placement, unanimously affirmed, without costs.

It is incumbent on the petitioning agency to make "diligent efforts" to encourage and strengthen the relationship between a neglected child and its parent (Social Services Law § 384-b [7] [a]), i.e., reasonable attempts at assisting, developing and encouraging a meaningful relationship (§ 384-b [7] [f]). We agree that such efforts were made in this instance. An agency is permitted to terminate those efforts where they are no longer required, after a finding to that effect upon a noticed motion (Family Ct Act § 1039-b [a]). The agency is relieved of having to show those efforts in certain circumstances, such as when the

respondent has already had parental rights to a sibling involuntarily terminated (§ 1039-b [b] [6]). Here, respondent's parental rights had already been terminated with respect to seven of her other children. The remaining question is whether respondent was still entitled to a best-interests hearing on the termination of petitioner's reasonable efforts toward reunification. We find this issue moot because respondent never raised the point in Family Court, and thus it has not been preserved for appellate review (see Matter of Michael Anthony F., 177 AD2d 1031 [1991]).

In view of the fact that the subject child and two of his siblings lived with his foster mother and her two children for all four years of his life, and that he established emotional bonds with his foster family, there was a preponderance of evidence that termination of respondent's parental rights was in the child's best interests (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). Although respondent made progress in the years prior to the dispositional hearing, a suspended judgment was not warranted because there was no evidence that she had a realistic, feasible plan to care for the child (see Matter of Antoine M., 7 AD3d 399 [2004]), who has special needs. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.