■ In the Matter of AISHA C., a Child Alleged to be Permanently Neglected. ELEANOR C., Appellant; LEAKE & WATTS SERVICES, INC., Respondent. [871 NYS2d 112]—

Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about July 25, 2007, which, upon a finding of permanent neglect, terminated respondent's parental rights to the subject child and committed custody of the child to petitioner agency and the Commissioner of Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect was supported by clear and convincing evidence of respondent's failure to plan for the child's future, notwithstanding the petitioning agency's diligent efforts (Social Services Law § 384-b [7] [a]; *see Matter of Sheila G.*, 61 NY2d 368 [1984]). The agency referred respondent for alcohol abuse treatment, mental health services and parenting

skills training, provided letters to assist her in having her name added to the lease on the apartment she shared with her adult son, scheduled weekly visitation, changed the visitation location to accommodate her, and met with her to review her service plan and discuss the importance of compliance (*see Matter of Lady Justice I.*, 50 AD3d 425 [2008]; *Matter of Gina Rachel L.*, 44 AD3d 367 [2007]). Respondent failed to maintain contact with the child through consistent and regular visitation, which alone constitutes permanent neglect (*see Matter of Kimberly Carolyn J.*, 37 AD3d 174 [2007], *lv dismissed* 8 NY3d 968 [2007]; *Matter of Lamikia Shawn S.*, 276 AD2d 279 [2000]). In addition, respondent failed to complete mental health and alcohol abuse programs, attend a parenting skills class, and secure adequate housing after her attempt to be added to her son's lease proved unsuccessful (*see Lady Justice L.*, *supra*; *Matter of Racquel Olivia M.*, 37 AD3d 279 [2007], *lv denied* 8 NY3d 812 [2007]).

A preponderance of the evidence supported the finding that it was in the child's best interests to terminate respondent's parental rights and transfer custody and guardianship of the child to the agency and free her for adoption by her foster mother, in whose home she had resided since 2003 and was doing well (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Travis Devon B.*, 295 AD2d 205, 205-206 [2002]). Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.