■ In the Matter of ELIJAH JOSE S. and Another, Children Alleged to be Permanently Neglected. JOSE ANGEL S., Appellant; LEAKE & WATTS SERVICES, INC., Respondent. [912 NYS2d 213]—

Orders of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about January 7, 2010, which, upon a fact-finding of permanent neglect, terminated respondent father's parental rights to the children and transferred custody of the children to petitioner agency and the Commissioner of the Administration for Children's Services for purposes of adoption, unanimously affirmed with respect to the disposition and the appeal therefrom otherwise dismissed, without costs.

Respondent did not appear at the fact-finding hearing and never moved to adjourn the hearing or to vacate his default. Thus, the fact-finding part of the order is not appealable (CPLR 5511; *Matter of Miguel R. v Wilda C.*, 74 AD3d 631 [2010]).

In any event, the finding of permanent neglect was supported by clear and convincing evidence of respondent's failure to maintain contact with the children and plan for their future, notwithstanding the agency's diligent efforts (Social Services Law § 384-b [7] [a], [f]; *see Matter of Sheila G.*, 61 NY2d 368, 380-381, 385 [1984]). Although the agency arranged for weekly

visitation, respondent's appearances were sporadic, and he has not visited the children since December 2007 (*see Matter of Aisha C.*, 58 AD3d 471, 472 [2009], *lv denied* 12 NY3d 706 [2009]; *Matter of Lamikia Shawn S.*, 276 AD2d 279 [2000]). He also failed to comply with all random drug test requests, failed to complete a court-directed psychological evaluation, and commenced but failed to complete a substance abuse and parenting skills course. Finally, he developed no plan for the children's future, despite the agency's diligent efforts to assist him (*see Matter of Star Leslie W.*, 63 NY2d 136, 144 [1984]; *Sheila G.*, 61 NY2d at 385; *Aisha C.*, 58 AD3d at 472).

A preponderance of the evidence established that termination of respondent's parental rights was in the children's best interests (*Star Leslie W.*, 63 NY2d at 147-148). The children have been placed in the same foster home since January 2008, and their foster mother intends to adopt them. The record demonstrates that the foster mother has provided loving care to the children, as well as attended to their medical, educational, and special needs. Given the father's failure to bond with the children and his continued failure to plan for their future, a suspended judgment was not warranted (*compare Matter of Shaquill Dywon M.*, 50 AD3d 1142, 1144 [2008]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.