■ In the Matter of JASMINE COURTNEY C. and Another, Children Alleged to be Permanently Neglected. SONIA J., Appellant; SAINT DOMINIC'S HOME Respondent. [921 NYS2d 216]—

Orders of disposition, Family Court, New York County (Douglas E. Hoffman, J.), entered on or about December 1, 2009, which, upon a finding of permanent neglect, terminated respon-

dent mother's parental rights to the subject children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Family Court's determination that the mother permanently neglected the children was supported by clear and convincing evidence. The record establishes that the agency exercised diligent efforts to encourage and strengthen the mother's relationship with the children (see Social Services Law § 384-b [7] [a]). Those efforts included meeting with the mother to review her service plan and discuss the importance of compliance, scheduling visitation, and changing the visitation date and time to accommodate the mother (see Matter of Aisha C., 58 AD3d 471, 471-472 [2009], lv denied 12 NY3d 706 [2009]). Notwithstanding the agency's diligent efforts, the mother failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of the" children (Social Services Law § 384-b [7] [a]). During the relevant time period, the mother attended only 5 of the 52 scheduled visitations. The mother's failure to maintain contact with the children through consistent visitation constitutes permanent neglect (see Aisha C., 58 AD3d at 472).

Given that it was undisputed that the mother had been abused by the children's father, the court properly deemed irrelevant the details of a single altercation and the contents of a letter regarding same. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.