■ In the Matter of CALVARIO CHASE NORALL W., a Child Alleged to be Permanently Neglected. DENISE W., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [926 NYS2d 437]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about February 23, 2010, which, upon a finding of permanent neglect, terminated respondent's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the court's finding that, despite the agency's diligent efforts, respondent permanently neglected her son (Social Services Law § 384- b [7] [a]; *Matter of Amanda R.*, 215 AD2d 220 [1995], *lv denied* 86 NY2d 705 [1995]). The agency exerted diligent efforts to encourage and strengthen the parent-child relationship by assisting with filling out housing applications, offering counseling, and arranging regularly scheduled visitation with the child (*see id.*). The record establishes that respondent failed to maintain contact with the child through consistent and regular visitation, which alone constitutes permanent neglect (*Matter of Aisha C.*, 58 AD3d 471, 472 [2009], *lv denied* 12 NY3d 706 [2009]; *Matter of Jonathan M.*, 19 AD3d 197 [2005], *lv denied* 5 NY3d 798 [2005]; *Matter of Vincent Anthony C.*, 235 AD2d 283 [1997]).

A preponderance of the evidence supported the finding that termination of respondent's parental rights was in the child's best interests (*see Matter of Jayden C. [Michelle R.]*, 82 AD3d 674 [2011]), so that he could be freed for adoption by his kinship foster mother, who has cared for his needs since soon after his birth (*see Matter of Paul Antoine Devontae R. [Paul R.]*, 78 AD3d 610 [2010], *lv denied* 16 NY3d 707 [2011]; *Matter of Aisha C.*, 58 AD3d at 472).

At the time of the hearing, the mother remained in the same circumstances she was in at the time of the child's removal nearly three years prior, with no realistic plan for his care (*see Matter of Daniella C.G.*, 25 AD3d 494 [2006], *lv denied* 6 NY3d 715 [2006]). Given the evidence that the mother had failed to make any strides towards creating a relationship with her child, or making a plan for his care, a suspended judgment would be inappropriate (*see Matter of Lorenda M.*, 2 AD3d 370 [2003]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.