Orders, Family Court, New York County (Jody Adams, J.), entered on or about October 1, 2012, which, inter alla, upon findings of permanent neglect, terminated respondent mother’s parental rights to the subject children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children’s Services for the purpose of adoption, unanimously affirmed, without costs.
The findings of permanent neglect were supported by clear and convincing evidence (see Social Services Law § 384-b [7]). The record demonstrates that the agency made diligent efforts to strengthen the parental relationship, which included providing the mother with referrals to parenting skills classes and mental health services, and scheduling regular visitation. However, the mother failed, during the statutorily relevant time period, to plan for the children’s return by refusing to avail herself of the assistance of a visiting coach and of a special needs parenting course, which would have assisted her with understanding the children’s special needs (see Matter of Racquel Olivia M., 37 AD3d 279 [1st Dept 2007], lv denied 8 NY3d 812 [2007]). The mother also failed to consistently visit the children during the statutorily relevant time period (see Matter of Evan Matthew A. [Jocelyn Yvette A.], 91 AD3d 538 [1st Dept 2012]; Matter of Amilya Jayla S. [Princess Debbie A.], 83 AD3d 582 [1st Dept 2011]).
A preponderance of the evidence shows that termination of the mother’s parental rights was in the best interests of the children, who had been in foster care for most of their lives and needed permanency (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). A suspended judgment is not warranted under the circumstances because there was no evidence that the mother had a realistic and feasible plan to provide an adequate and stable home for the children, together with the two older siblings who required extensive services for their special needs. *630 Moreover, the expert witness presented by the children’s attorney testified that returning the children to the mother’s care would be damaging for them and could cause them to “regress” (see Matter of Rayshawn F., 36 AD3d 429, 430 [1st Dept 2007]; Matter of Rutherford Roderick T. [Rutherford R.T.], 4 AD3d 213, 214 [1st Dept 2004]). Concur — Gonzalez, EJ., Sweeny, Moskowitz, Richter and Clark, JJ.