Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about October 23, 2012, which upon a fact-finding determination that respondent mother had permanently neglected the subject child, terminated her parental rights to the subject child and committed the custody and guardianship of *629 the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence of the mother’s failure, for the relevant time period, to maintain contact with the subject child or plan for her future, notwithstanding the agency’s diligent efforts to strengthen the mother’s relationship with the child (Social Services Law § 384-b [7] [a]; see Matter of Star Leslie W., 63 NY2d 136, 144 [1984]; Matter of Sheila G., 61 NY2d 368, 385 [1984]). Although the agency arranged for regular visitation, the mother’s visitation was inconsistent, and there were periods of time during which the mother did not visit (see Matter of Brooke Louise H., 158 AD2d 425, 425-426 [1st Dept 1990]). The mother also failed to comply with all random drug test requests, failed to complete required mental health evaluations, and failed to complete a substance abuse treatment program during the relevant period (Matter of Elijah Jose S. [Jose Angel S.], 79 AD3d 533, 534 [1st Dept 2010], lv denied 16 NY3d 708 [2011]).
A preponderance of the evidence establishes that termination of the mother’s parental rights is in the child’s best interests (Star Leslie W., 63 NY2d at 147-148). The child has been living with her foster mother, her maternal grandmother, since November 2007, and her grandmother intends to adopt her. The record demonstrates that the grandmother has provided loving care to the child and has attended to her emotional needs (see Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 503 [1st Dept 2013], lv denied 22 NY3d 859 [2014]). Moreover, although the mother made some recent positive strides, overall, because she had no realistic plan for the child’s future, and in light of her continued incarceration, a suspended judgment is not warranted (see id.).
Concur — Tom, J.E, Moskowitz, ManzanetDaniels, Feinman and Gische, JJ.