■ In the Matter of Tarik G. McS., Jr., an Infant. Tarik G. McS., Sr., Appellant; St. Vincent's Services, Inc., Respondent. In the Matter of Tarik G. McS., Jr., an Infant. Sherrie T., Appellant; St. Vincent's Services, Inc., Respondent. [994 NYS2d 87]—

Order of disposition, Family Court, Bronx County (Carol Sherman, J.), entered on or about February 20, 2013, which, following a fact-finding determination that respondents permanently neglected the subject child, terminated respondents' parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services, for the purpose of adoption, unanimously affirmed, without costs.

The court's finding that respondents permanently neglected the child is supported by clear and convincing evidence that petitioner made diligent efforts to strengthen the parents' relationship with the child through multiple referrals for services, including drug treatment, and scheduling regular visitation (see Social Services Law §§ 384-b [7] [a], [f]; Matter of Sheila G., 61 NY2d 368, 373 [1984]), and that, despite these efforts, respondents failed to comply with the referrals, complete necessary programs, refrain from using illegal drugs, and visit the child regularly (see Matter of Dina Loraine P. [Ana C.], 107 AD3d 634, 635 [1st Dept 2013]; Matter of Elijah Jose S. [Jose Angel S.], 79 AD3d 533, 534 [1st Dept 2010], lv denied 16 NY3d 708 [2011]).

A preponderance of the evidence supports the finding that termination of the parents' rights is in the child's best interests (see Matter of Elijah Jose S., 79 AD3d at 534). The child was placed into foster care shortly after birth, and has not resided with respondents since that time. The child, who suffers from severe developmental delays, cerebral palsy and ADHD, requiring extensive services and constant supervision, has bonded with the foster mother and has done well under her care. The foster mother has adequately cared for the child and met his special needs, whereas the parents have demonstrated no ability to take on such a demanding task (see Matter of Jaileen X.M. [Annette M.], 111 AD3d 502, 503 [1st Dept 2013], lv denied 22 NY3d 859 [2014]).

The parents have failed to establish a consistent, nurturing relationship with the child, or to demonstrate an understanding of his needs and the ability to care for him. Under these circumstances, a suspended judgment is not warranted (id.).

We have considered respondents' remaining arguments and

find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.