■ In the Matter of CHARLES JAHMEL M., JR. and Others, Infants. CHARLES E.M., Appellant; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [2 NYS3d 98]—

Orders, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about September 10, 2013, which, inter alia, upon findings of permanent neglect (Nov. 26, 2012, same court, Rhoda Cohen, J.), terminated respondent father's parental rights to the subject children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The findings of permanent neglect were supported by clear and convincing evidence (*see* Social Services Law § 384-b [7]). The record demonstrates that the agency expended diligent efforts to strengthen the parental relationship between respondent and the three subject children. The agency scheduled regular visitation between the children and respondent, and provided

respondent with drug referrals, referrals for domestic violence programs and parenting skills classes and conducted meetings and case conferences with respondent (*see Matter of Julian Raul S. [Oscar S.],* 111 AD3d 456, 457 [1st Dept 2013]; *Matter of Jeovonni G. [Victoria V.],* 101 AD3d 449, 450 [1st Dept 2012]). While respondent contends that the agency failed to offer him financial support, furniture allotments, housekeeping services, or assistance in establishing a public assistance budget, the record demonstrates that the Administration for Children's Services and respondent's shelter caseworkers attempted to work with him to help him secure permanent housing, a public assistance budget, and employment so that he could care for the subject children as well as the three children then in his custody.

However, the record demonstrates that respondent permanently neglected the children by failing for over a year after they entered foster care to plan for their return by securing steady employment or appropriate permanent housing before the petition was filed (*see* Social Services Law § 384-b [7]; *Matter of Aisha T.,* 55 AD3d 435, 436 [1st Dept 2008], *lv denied* 11 NY3d 716 [2009]). Moreover, respondent's failure to comply with random drug testing on a consistent basis, abide by an order of protection, complete a domestic violence program in a timely manner, and to visit the children regularly and in compliance with the established schedule supports the finding that he failed to plan for the children's future (*see Matter of Elijah Jose S. [Jose Angel S.],* 79 AD3d 533, 533-534 [1st Dept 2010], *lv denied* 16 NY3d 708 [2011]).

A preponderance of the evidence shows that termination of respondent's parental rights was in the best interests of the children, who had been in foster care for approximately seven years and required permanency (*see Matter of Star Leslie W.,* 63 NY2d 136, 147-148 [1984]). A suspended judgment was not warranted under the circumstances, because there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the subject children, two of whom have special needs (*see Matter of Rayshawn F.,* 36 AD3d 429, 430 [1st Dept 2007]; *Matter of Rutherford Roderick T. [Rutherford R.T.],* 4 AD3d 213, 214 [1st Dept 2004]). Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.