In the Matter of JOE J.R.L., a Child Alleged to be Permanently Neglected. ERICA MARIA L., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [43 NYS3d 300]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about August 11, 2015, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to the Commissioner of Social Services of the City of New York and petitioner agency for purposes of adoption, unanimously affirmed, without costs.

The findings of permanent neglect are supported by clear and convincing evidence (*see* Social Services Law § 384-b [7]). The record demonstrates that the agency made diligent efforts to strengthen the parental relationship, which included providing the mother with referrals to mental health services and parenting skills classes, offering to escort her to a required mental health examination, and scheduling regular visitation (*see Matter of Alani G. [Angelica G.]*, 116 AD3d 629 [1st Dept 2014], *lv denied* 24 NY3d 903 [2014]). However, the mother failed, during the statutorily relevant time period, to plan for the child's return by failing to complete a mental health evaluation, which was necessary to tailor services to her needs. She also refused to permit case planners to visit her home, which had been found to be in an extremely unsanitary condition, to determine whether it would be safe and adequate for the child.

The mother's contention that the record is inadequate for review because it does not include orders issued in the neglect proceeding, or any mental health evaluation that may have been prepared, is without merit. She failed to offer those documents into evidence during the hearing, and has never asked the court to take judicial notice of the orders.

A preponderance of the evidence supports the determination that termination of the mother's parental rights is in the best interests of the child, who has been in foster care since the first week of his life (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child is well cared for by his foster mother, who meets his special needs and hopes to adopt him. As the mother has no realistic or feasible plan to provide an adequate and stable home for the child, a suspended judgment is not in the child's best interests (*see Matter of Zhane A.F. [Andrea V.F.]*, 139 AD3d 458 [1st Dept 2016], *lv denied* 27 NY3d 1187 [2016]; *Matter of Charles Jahmel M. [Charles E.M.]*, 124 AD3d 496, 497 [1st Dept 2015], *lv denied* 25 NY3d 905 [2015]). Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.