Matter of Richie N.V. (Stephanie M.) (2019 NY Slip Op 05476)





Matter of Richie N.V. (Stephanie M.)


2019 NY Slip Op 05476


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Renwick, J.P., Gische, Kapnick, Singh, JJ.


9816 9815 9814

[*1]In re Richie N.V. also known as Richie V., and Another, Dependent Children Under the Age of Eighteen Years, etc., Stephanie M., et al., Respondents-Appellants, The New York Foundling Hospital, Petitioner-Respondent.


Susan Barrie, New York, for Stephanie M., appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for Ricardo V., appellant.
The New York Foundling Hospital Adoption and Legal Services, Long Island City, (Daniel Gartenstein of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the children.



Order, Family Court, New York County (Emily Olshansky, J.), entered on or about March 19, 2018, which, upon a finding of permanent neglect, terminated respondents' parental rights to the child Jessica and transferred custody of the child to petitioner agency and the Administration for Children's Services for purposes of adoption, unanimously affirmed, without costs. Order, same court and Judge, entered on or about March 26, 2018, which terminated respondent mother's and respondent father's parental rights to the child Richie upon the grounds, respectively, of permanent neglect and abandonment, and transferred custody of the child to petitioner agency and the Administration for Children's Services for purposes of adoption, unanimously affirmed, without costs.
The findings of permanent neglect against both parents with respect to Jessica and against the mother with respect to Richie are supported by clear and convincing evidence that the agency made diligent efforts to strengthen and encourage the parental relationship and that nonetheless respondents failed to plan for the children's future (see Social Services Law § 384—b[7][a], [c], [f], [3][g][i]; Matter of Sheila G., 61 NY2d 368, 384 [1984]). Among other things, the agency scheduled regular and meaningful visitation with the children and formulated a service plan for each parent, which included regular supervised visitation, a parenting skills program, anger management, and, for the mother, referrals for substance abuse programs and domestic violence counseling.
Contrary to the mother's contentions, her service plan was specifically tailored to address the impediments to reunification; the children were removed from the home because of domestic violence and the mother's substance abuse.
However, the mother failed to complete substance abuse treatment and submit to regular drug testing and domestic violence counseling, and continued to believe that these services were unnecessary (see Matter of L. Children [Wileen J.], 168 AD3d 455, 456 [1st Dept 2019]). She repeatedly tested positive for alcohol and illicit substances as recently as 2017 - four years after the children were removed from the home. Moreover, the record demonstrates that while her [*2]visits with the children were generally positive, the mother was often late or missed the visits altogether (see Matter of Aisha C., 58 AD3d 471, 472 [1st Dept 2009], lv denied 12 NY3d 706 [2009]).
The record shows that, although the father largely completed his service plan, he failed to gain insight into how to plan for the children's future (see e.g. Matter of L. Children, 168 AD3d at 456). To the contrary, despite completing services such as batterer's intervention and anger management, the father was incarcerated in August 2016, before the dispositional hearing was held, and eventually sentenced to prison, in part, for assaulting the mother.
To the extent the father challenges the finding of abandonment as to Richie, this finding is supported by clear and convincing evidence that the father failed for the relevant time period to visit with the child, although he was able to do so and was not prevented or discouraged from doing so by the agency (see Social Services Law § 384—b[5][a]). The father neither disputes that he had no contact with Richie for the eight months preceding the filing of the termination proceeding nor provides any explanation for his absence (see Matter of Tiara Dora S. [Debbie S.], 170 AD3d 458, 458 [1st Dept 2019]). Contrary to the father's contention, in a case of abandonment, the agency has no obligation to make diligent efforts to strengthen the parental relationship (id. § 384—b[5][b]).
A preponderance of the evidence shows that termination of respondents' parental rights was in the best interests of the children, who had been in foster care for approximately five years and required permanency (see Matter of Star Leslie W., 63 NY2d 136, 147—148 [1984]). A suspended judgment was not warranted, because there is no evidence that respondents had a realistic and feasible plan to provide an adequate and stable home for the children, who have special needs (see Matter of Rayshawn F., 36 AD3d 429, 430 [1st Dept 2007]).
We have reviewed the parents' remaining contentions, including the father's claim of ineffective assistance of counsel, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK