Matter of Zamir J. (Marcella J.) (2024 NY Slip Op 01159)

Matter of Zamir J. (Marcella J.)

2024 NY Slip Op 01159

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Docket No. B-09797/18, B-09798/18 Appeal No. 1786 Case No. 2022-02834 

[*1]In the Matter of Zamir J. and Another, Dependent Children Under Eighteen Years of Age, etc., Marcella J., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.

Bruce A. Young, New York, for appellant.
Marion C. Perry, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.

Orders of disposition, Family Court, New York County (Jonathan H. Shim, J.), entered on or about June 3, 2022, which found that respondent mother permanently neglected the subject children, terminated her parental rights, and committed the custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the determination that the mother permanently neglected the children by failing to plan for their future, despite the agency's diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b[7][a]).
The record shows that the agency developed a plan for appropriate services, including referring the mother to programs for parenting, mental health, domestic violence counseling and substance abuse treatment, and scheduled regular visits with the children. The mother's failure to maintain contact with the children through consistent and regular visitation alone constitutes permanent neglect (see Matter of Aisha C., 58 AD3d 471, 472 [1st Dept 2009], lv denied 12 NY3d 706 [2009]). Furthermore, the record shows that she failed to complete any portion of her service plan, demonstrating a lack of insight into the conditions that led to the children's removal (see Matter of Maria G.T. [Maria T.], 213 AD3d 556, 557 [1st Dept 2023]; Matter of Amanda M. T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021], as well as the termination of parental rights as to her older children.
We have reviewed the mother's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024