■ In the Matter of DAVIONE RASHAUN H., a Child Alleged to be Permanently Neglected. SHARON H., Appellant; LEAKE & WATTS SERVICES, INC., Respondent. [865 NYS2d 596]—

Order of disposition, Family Court, Bronx County (Douglas E. Hoffman, J.), entered on or about May 8, 2007, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). The record shows that the agency made diligent efforts to encourage and strengthen the parental relationship by providing referrals for individual counseling and parenting skills training, scheduling regular supervised visitation and monitoring the treatment programs in which respondent stated she was enrolled (*see Matter of Kimberly C.*, 37 AD3d 192 [2007], *lv denied* 8 NY3d 813 [2007]; *Matter of Israel Zacarias G.*, 306 AD2d 106 [2003]; Social Services Law 384-b [7] [f]). Despite these diligent efforts, respondent was incarcerated on several occasions, inconsistent in her visitation, failed to complete the substance abuse program during the statutorily relevant time period and otherwise failed to meaningfully address the problems that led to the placement of her child (*see Matter of Lady Justice I.*, 50 AD3d 425 [2008]; *Matter of Tashona Sharmaine A.*, 24 AD3d 135 [2005], *lv denied* 6 NY3d 715 [2006]).

A preponderance of the evidence demonstrated that termination of respondent's parental rights was in the child's best interests. The child has been in the same stable and caring preadoptive home for several years where he has bonded with

his foster family (*see Matter of Racquel Olivia M.*, 37 AD3d 279 [2007], *lv denied* 8 NY3d 812 [2007]). Contrary to respondent's contention, the circumstances presented do not warrant a suspended judgment. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.