■ In the Matter of ARIANA S.S., a Child Alleged to be Abandoned. ANTOINETTE S., Appellant; SCO FAMILY OF SERVICES, Respondent. [50 NYS3d 334]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about April 6, 2016, which, to the extent appealed from as limited by the briefs, terminated respondent mother's parental rights to the subject child upon the mother's admission of abandonment, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The record supports the conclusion that termination of the mother's parental rights is in the best interest of the child, and that a suspended judgment is unwarranted (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Alani G. [Angelica G.]*, 116 AD3d 629, 629-630 [1st Dept 2014], *lv denied* 24 NY3d 903 [2014]). The mother, among other things, failed to address the conditions that led to the child's placement, including her long-term substance abuse, failure to engage in drug rehabilitation and mental health treatment, and failure to maintain contact with the agency. She also failed to visit the child regularly, including during a six-month period when she simply disappeared. Nor did she demonstrate a realistic and feasible plan to provide an adequate and stable home for the

child and her siblings. In addition, the mother presented no evidence as to how she would plan separately from the child's putative father, with whom the mother continued to reside despite the restrictions on his ability to be around children due to his sex offender status. Accordingly, it is in the child's best interest to be freed for adoption by her long-term foster mother, with whom she has resided her entire life, and where she is well-cared for and all of her needs are met (*Matter of Alani G.*, 116 AD3d at 629). Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.