Matter of Frank Enrique S. (Karina Elizabeth F.--Mike G.) (2019 NY Slip Op 00374)





Matter of Frank Enrique S. (Karina Elizabeth F.--Mike G.)


2019 NY Slip Op 00374


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8149B 8143A 8143

[*1]8149I In re Frank Enrique S., And Others, Dependent Children Under Eighteen Years, etc., Karina Elizabeth F., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent, Mike G., Sr., Respondent.


Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about July 28, 2017, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the children Michael G. and Gabrielle G., and transferred custody of the children to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs. Appeals from orders, Family Court, New York County (Rhoda J. Cohen, J.), entered on or about January 30, 2012 and on or about July 26, 2012; same court (Stewart H. Weinstein, J.), entered on or about July 9, 2014 and on or about October 9, 2014; same court (Emily H. Olshansky, J.), entered on or about March 9, 2015 and on or about August 13, 2015; and same court (Karen I. Lupuloff, J.), entered on or about April 24, 2017 and on or about July 10, 2017, unanimously dismissed, without costs, as moot.
With respect to the finding that respondent mother permanently neglected the children Gabrielle and Michael, petitioner demonstrated by clear and convincing evidence that it made the requisite diligent efforts to encourage and strengthen the parental relationship by referring respondent for mental health services, providing guidance as to addressing home health hazards, and scheduling visitation between respondent and the children (see Matter of Tion Lavon J. [Saadiasha J.], 159 AD3d 579 [1st Dept 2018]; Matter of Cerenithy B. [Ecksthine B.], 149 AD3d 637, 637 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]). Despite the agency's diligent efforts, respondent, who acknowledged that she was diagnosed with schizoaffective disorder and did not take any medication, failed to plan for the children, in particular, by refusing to attend court-ordered therapy, although her failure to address her mental health problems was a key [*2]component of the reason that the children were removed from her and placed in foster care in the first place (see Matter of Adaliz Marie R. [Natividad G.], 78 AD3d 409 [1st Dept 2010]; Matter of Ibrahim B., 57 AD3d 382 [1st Dept 2008]).
The court's determination that terminating respondent's parental rights and freeing Gabrielle and Michael for adoption by their respective foster parents is in the children's best interests is supported by a preponderance of the evidence showing that the children have lived with the foster parents their entire lives and have thrived in their care (see Matter of Ariana S.S. [Antoinette S.], 148 AD3d 581 [1st Dept 2017]; Matter of Arianna-Samantha Lady Melissa S. [Carissa S.], 134 AD3d 582, 583 [1st Dept 2015], lv dismissed in part, denied in part 27 NY3d 952 [2016]).
To the extent respondent purports to appeal from an order that terminated her parental rights as to the child Frank Enrique S., Jr., we dismissed that appeal by order entered February 13, 2018 and denied respondent's motion for reconsideration on May 10, 2018, and we decline to consider the matter further.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK