Matter of Nahzzear Y.G. (Tanisha N.) (2019 NY Slip Op 03888)





Matter of Nahzzear Y.G. (Tanisha N.)


2019 NY Slip Op 03888


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9322A 9322

[*1] In re Nahzzear Y.G., and Another, Dependant Children Under the Age of Eighteen, etc., Tanisha N., Respondent-Appellant, Abbott House, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
John R. Eyerman, New York, for respondent.
George E. Reed, Jr., White Plains, attorney for the children.



Orders of disposition, Family Court, Bronx County (Ruben Andres Martino, J.), entered on or about January 30, 2018, which, inter alia, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The agency demonstrated by clear and convincing evidence that it made the requisite diligent efforts to strengthen the parental relationship by discussing the mother's service plan with her, monitoring her progress with mental health treatment, and scheduling twice weekly visitation with the children (see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725 [1st Dept 2017]; Matter of Davione Rashaun H., 55 AD3d 453 [1st Dept 2008]). Despite these diligent efforts, and the mother making some progress, overall, the mother failed to plan for the children as she continued to speak aggressively, curse repeatedly, and threaten violence towards others over the entirety of the case (see Matter of Brandon H. [Maythe H.], 105 AD3d 409 [1st Dept 2013]), and displayed little insight into her therapy and the fact that these actions may prove harmful to her children (see Matter of L. Children [Wileen J., 168 AD3d 455, 456 [1st Dept 2019]). She also refused to sign HIPAA consent forms to allow the agency to monitor her mental health progress, and failed to secure suitable housing (see Matter of Elizabeth E.R.T. [Alicia T.], 168 AD3d 448, 449 [1st Dept 2019]; Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1005 [3d Dept 2017]). Furthermore, the mother missed or cancelled approximately a third of her visits with her children over a two-year period (Matter of Lenny R., 22 AD3d 240 [1st Dept 2005], lv denied 6 NY3d 708 [2006]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights to free the children for adoption by their foster parent, with whom they [*2]lived with for almost their entire lives and thrived under, was in their best interest (see Matter of Ariana S.S. [Antoinette S.], 148 AD3d 581 [1st Dept 2017]). A suspended judgment was not warranted under the circumstances presented.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK