■ In the Matter of Isaac Ansimeon F., an Infant. Mark P., Appellant; Graham-Windham Services to Families and Children, Respondent. [9 NYS3d 232]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 7, 2014, which, upon a fact-finding determination that respondent father's consent is not required for the subject child's adoption, that petitioner agency was excused from providing diligent efforts to reunite the father with the child, and that the father had permanently neglected the child, terminated the father's parental rights to the subject child, and committed the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding that the father's consent to adoption is not required under Domestic Relations Law § 111 (1) (d). The father's admission that, after his incarceration, he failed to provide financial support for the child is fatal to his claim (see Matter of Marc Jaleel G. [Marc E.G.], 74 AD3d 689, 690 [1st Dept 2010]). The father's incarceration did not excuse him of his obligations (id. at 689).

The finding of permanent neglect is also supported by clear and convincing evidence (see Social Services Law § 384-b [7]). The Family Court properly excused the agency from its duty to make diligent efforts to reunite the father and child, as such efforts would be detrimental to the best interests of the child given that the father's earliest possible release date from prison is 2019, when the child will be 20 years old (see § 384-b [7] [a]; see also Matter of Marino S., 100 NY2d 361, 372 [2003], cert denied 540 US 1059 [2003]). In addition, the father did not provide a realistic and feasible plan for the child's future, as his sole plan was for the child to remain in foster care until his release from prison (see Matter of Sasha R., 246 AD2d 1, 7 [1st Dept 1998]).

A preponderance of the evidence demonstrates that it is in the child's best interests to terminate the father's parental rights and free the child for adoption, despite the 16-year-old child's indecision about whether he wants to be adopted (see Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1034 [2d Dept 2010], lv denied 14 NY3d 713 [2010]). Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.