■ In the Matter of ALEXANDRIA D., an Infant. BRENDA D., Appellant; SCO FAMILY OF SERVICES, Respondent. [26 NYS3d 270]—

Order, Family Court, Bronx County (Linda Tally, J.), entered on or about October 29, 2014, which, inter alia, after a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject child, and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports the finding of permanent neglect (see Social Services Law § 384-b [7]). The record demonstrates that the agency exerted diligent efforts to reunite the mother and the child by referring the mother to programs for anger management and parenting skills for special needs children, for mental health therapy, and by scheduling visitation and providing her with a visiting coach to improve the quality of the visits (see Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512 [1st Dept 2015]; Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545 [1st Dept 2014]). Despite these diligent efforts, the mother failed to substantially plan for the child's future. The record shows that the mother did not sufficiently focus on her mental health problems, controlling her anger, and on the child's needs. The caseworker testified that the quality of the mother's visits varied and she often directed her attention to her younger children, leaving the child to her own devices. The mother also was chronically late, keeping the child waiting for as much as two hours on several occasions, and made no effort to contact the child's therapist or teachers.

A preponderance of the evidence supports the determination that it was in the best interests of the child to terminate the mother's parental rights to free the child for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The child was in the same loving foster home for four years, where her needs were met and where the foster mother wanted to adopt her. The record reflects that during that time period, the mother was not able to overcome the problems that led to the child's placement (see Matter of Autumn P. [Alisa R.], 129 AD3d 519 [1st Dept 2015]). The court properly rejected the alternative of a suspended judgment as there was a lack of evidence that the brief delay would result in a different outcome and the child needed stability in her life (id. at 520). Concur—Friedman, J.P., Sweeny, Saxe and Gische, JJ.