■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MCKINNEY, Appellant. [28 NYS3d 860]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered December 18, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 3½ years, unanimously affirmed.

The motion court properly denied defendant's request for a *Mapp/Dunaway* hearing. Defendant received specific information about the basis for his arrest, including that a police officer observed him holding what appeared to be a bag of marijuana in public view. Accordingly, defendant's general assertion that the arresting officers did not see him commit a crime was not a sworn allegation of fact sufficient to support a ground for suppression, nor did it create any factual issue warranting a hearing (*see e.g. People v France*, 12 NY3d 790 [2009]).

The indictment was not jurisdictionally defective, because it charged defendant with a particular crime, and alleged that he committed acts constituting every material element of the crime (*see People v Iannone*, 45 NY2d 589, 600 [1978]). Although the original indictment alleged that defendant possessed cocaine, and it is undisputed that the drug involved was actually heroin, this did not create a jurisdictional defect. Had the case proceeded to trial on a factually incorrect, unamended indictment, that may have raised issues such as variance between the indictment and the proof (*see e.g. People v Rodriguez*, 190 AD2d 566 [1st Dept 1993], *lv denied* 81 NY2d 1019 [1993]), but no such issues arise in the present procedural posture.

To the extent defendant challenges any nonjurisdictional

defects in the indictment, they are waived by his guilty plea (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]). In any event, the trial court properly permitted the People to amend the indictment to accurately allege that defendant possessed heroin, rather than cocaine, after reviewing the grand jury minutes and confirming that the error was clerical and that the proof before the grand jury dealt with heroin. Defendant, who had no objection to the amendment, was not prejudiced or surprised (*see* CPL 200.70 [1]; *People v Acevedo*, 215 AD2d 115, 116 [1st Dept 1995], *lv denied* 85 NY2d 969 [1995]).

We perceive no basis for reducing the sentence. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.