People v Esteban (2016 NY Slip Op 06740)





People v Esteban


2016 NY Slip Op 06740


Decided on October 13, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2016

Friedman, J.P., Richter, Feinman, Kapnick, Kahn, JJ.


1881 4889/13

[*1]The People of the State of New York, Respondent,
v
Alejandro Esteban, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered January 6, 2015, as amended February 9, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to a term of from 2 to 4 years, unanimously affirmed.
Defendant's suppression motion was properly denied without a hearing. Although defendant was on notice of the specific basis for his arrest, including that a police officer saw him smoking marijuana in public view, his motion papers did not specifically address these allegations. Instead, his generalized and global denial of criminal activity "was not a sworn allegation of fact sufficient to support a ground for suppression, nor did it create any factual issue warranting a hearing" (People v McKinney, 136 AD3d 604, 604 [1st Dept 2016], lv denied 27 NY3d 1153 [2016]).
Defendant's further argument that his trial counsel rendered ineffective assistance by not renewing the suppression motion is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record. In particular, discussions between defendant and his counsel concerning the underlying facts may have impeded counsel's ability to make allegations that would support suppression. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 13, 2016
CLERK