■ In the Matter of CERENITHY B. and Others, Infants. ECKSTHINE B. et al., Appellants; GOOD SHEPHERD SERVICES, Respondent. [51 NYS3d 89]—

Orders (one for each subject child), Family Court, New York County (Douglas E. Hoffman, J.), entered on or about February 17, 2016, which, upon findings of permanent neglect, terminated respondents' parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, respondents failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a]). The agency made diligent efforts by, among other things, referring respondents for various parenting programs and mental health services, as well as by scheduling visitation with the children (*see* Social Services Law § 384-b [7] [f]; *see also Matter of Marissa Tiffany C-W. [Faith W.]*, 125 AD3d 512, 512 [1st Dept 2015]).

Despite these efforts, the mother continually failed to respond to the agency's attempts to make contact with her (*see Matter of Star Leslie W.*, 63 NY2d 136, 144 [1984]; *Matter of Travis Devon B.*, 295 AD2d 205, 205 [1st Dept 2002]), and failed to undergo a mental health evaluation, engage in mental health treatment and visit with the children consistently (*Matter of Jaileen X.M. [Annette M.]*, 111 AD3d 502 [1st Dept 2013], *lv denied* 22 NY3d 859 [2014]). She also gained no insight into the reasons for the children's placement in foster care, nor benefitted from the limited services with which she complied (*id.*).

The father, despite being diagnosed as bipolar, likewise failed to remain consistently engaged in mental health services, nor was there any update as to his mental health status, other than that he was severely depressed and not taking medication (*see Matter of Jonathan Jose T.*, 44 AD3d 508, 509 [1st Dept 2007]). While he visited with the children consistently, on alternate weekends, his visitation never progressed beyond supervised visits at his mother's home, during which his mother primarily cared for the children (*see id.*).

The record supports Family Court's determination that the children's interests would best be served by terminating respondents' parental rights to free the children for adoption by their long-term foster mother, who has met all of their needs (*see Matter of Star Leslie W.*, 63 NY2d at 147-148). Despite engaging in services, some belatedly, there was no indication that the mother was able to care for the children or would be able to do so in the future. Similarly, the father's home was found to be unsuitable for the children, and there was no evidence that he was ready to care for them (*see Matter of Olushola W.A.*, 41 AD3d 179, 180 [1st Dept 2007]). Under the circumstances, a suspended judgment is not warranted (*see Matter of Julianna Victoria S. [Benny William W.]*, 89 AD3d 490, 491 [1st Dept 2011], *lv denied* 18 NY3d 805 [2012]).

The father failed to preserve his argument regarding the Americans with Disabilities Act of 1990 (*see Matter of Toshea C.J.*, 62 AD3d 587, 587 [1st Dept 2009]). Were we to review it, we would find it unavailing. Concur—Friedman, J.P., Richter, Feinman, Gische and Gesmer, JJ.