Matter of Justice N.L.J. (Ebony J.) (2018 NY Slip Op 00096)





Matter of Justice N.L.J. (Ebony J.)


2018 NY Slip Op 00096


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5385

[*1]In re Justice N. L. J., etc., A Dependent Child Under the Age of Eighteen Years, etc., Ebony J., also known as Salima A., Respondent-Appellant, SCO Family of Services, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about June 21, 2016, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding of permanent neglect (Social Services Law § 384-b[7]). The record shows that the agency exerted diligent efforts to strengthen the mother's relationship with the child by referring her to programs for substance abuse, anger management and parenting skills for special needs children, and for mental health therapy, and by scheduling visitation and providing her with a visiting coach to improve the quality of the visits (see Matter of Marissa Tiffany C-W. [Faith W.], 125 AD3d 512 [1st Dept 2015]; Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545 [1st Dept 2014]).
Despite these diligent efforts, the mother failed to substantially plan for the child's future. Although the mother was able to successfully address her substance abuse issues, the record reflects that the mother did not sufficiently focus on her mental health problems and controlling her anger, or on the child's special needs. The caseworker testified that the quality of the mother's visits varied and she was unable to control the child's behavior, having to physically restrain him. The mother was also unreceptive to the visitation coaching, and visits often ended chaotically, with the mother rushing to leave (see Matter of Alexandria D. [Brenda D.], 136 AD3d 604 [1st Dept 2016]).
A preponderance of the evidence supports the determination that it was in the best interests of the child to terminate the mother's parental rights (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The child was in the same stable foster home for three years, where he resided with his half brother, as well as his maternal uncle, and where his needs were met, and the foster parents wanted to adopt him (see e.g. Cerenithy B. [Ecksthine B.], 149 AD3d 637 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]). A suspended judgment was not warranted under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK