Matter of Janaya T. (Sarah T.) (2018 NY Slip Op 07176)





Matter of Janaya T. (Sarah T.)


2018 NY Slip Op 07176


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Friedman, J.P., Kapnick, Webber, Oing, Moulton, JJ.


7457A 7457

[*1] In re Janaya T., and Others, Children Under Eighteen Years of Age, etc., Sarah T., Respondent-Appellant, The New York Foundling Hospital, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Daniel Gartenstein, Long Island City, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.



Orders of fact-finding and disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about August 29, 2017, which, upon a fact-finding determination that respondent mother permanently neglected the subject children, terminated respondent's parental rights to the children and committed the custody and guardianship of the children to petitioner hospital and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence of respondent's failure to plan for the children's future, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368 [1984]). The evidence shows that the agency developed a plan tailored to respondent's needs, among other things, referring her for alcohol abuse treatment, mental health evaluation and domestic violence services, scheduling regular visitation, and meeting with her to review her service plan and discuss the importance of compliance (see Social Services Law § 384-b[7][f]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Aisha C., 58 AD3d 471, 471-72 [1st Dept 2009], lv denied 12 NY3d 706 [2009]). However, respondent was uncooperative. She failed to follow up on repeated, multiple referrals for required services, visited the children sporadically, and avoided arranging an agency visit to her home when she moved back in with her mother. Respondent failed to take responsibility for the conditions that led to the children's removal, and failed to gain insight into the reasons, which include alcohol abuse, for the children's placement into foster care (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Ashley R. [Latarsha R.], 103 AD3d 573 [1st Dept 2013], lv denied 21 NY3d 857 [2013]).
The finding that termination of respondent's parental rights is in the children's best interests is supported by a preponderance of the evidence, which shows that the children have remained in the same pre-adoptive kinship foster home for several years, where they are well cared for, and that the foster mother wishes to adopt them (see Matter of Christina Jeanette C., [*2]168 AD2d 351 [1st Dept 1990]). As there is no evidence that any additional delay would alter the situation, a suspended judgment is not warranted (see Matter of Alexandria D. [Brenda D.], 136 AD3d 604 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK