Matter of Bianca J.N. (Swevia C.N.) (2018 NY Slip Op 07831)





Matter of Bianca J.N. (Swevia C.N.)


2018 NY Slip Op 07831


Decided on November 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2018

Acosta, P.J., Friedman, Manzanet-Daniels, Webber, Singh, JJ.


7630

[*1]In re Bianca J.N., A Dependent Child Under Eighteen Years of Age, etc., Swevia C.N., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about June 16, 2017, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that termination of the mother's parental rights was in the 13-year-old child's best interests (see Matter of Star Leslie W., 63 NY2d 136, 147 [1984]). Although the child previously expressed that she opposed adoption, this Court may take into consideration her current wishes to be adopted by her long-term foster mother (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1034 [2d Dept 2010], lv denied 14 NY3d 713 [2010]). In any event, notwithstanding the child's previous opposition and the possibility that the foster mother would not be willing to adopt, termination of parental rights to free the child for possible adoption was in the child's best interests, following over 10 years of failed attempts at reunification with the mother while the child was thriving in foster care (see Matter of Isaac Ansimeon F. [Mark P.], 128 AD3d 486 [1st Dept 2015]; Matter of Kadija Tempie M. [Terry M.], 67 AD3d 555 [1st Dept 2009]). The court carefully weighed the child's wishes and the evidence of the mother's failure to complete services intended to address the issues that led to the child's placement and the finding of permanent neglect. The mother had a long history of mental illness, which had resulted in psychiatric hospitalizations partially due to her refusal to take prescribed medication, had threatened to burn down the foster home where the child resides, and demonstrated a lack of understanding of the seriousness of her behavior by ignoring the order of protection against her.
A suspended judgment would not have been appropriate because there is no evidence that further delay would result in a different outcome (see Matter of Iasha Tameeka McL. [Herbert McL.], 135 AD3d 601, 602 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 15, 2018
CLERK