Matter of Zariah M.E. (Alexys T.) (2019 NY Slip Op 03005)





Matter of Zariah M.E. (Alexys T.)


2019 NY Slip Op 03005


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



mem
ad1
Matter of Zariah M.E. (Alexys T.)
2019
ny
03005
9072
This opinion is uncorrected and subject to revision before publication in the printed Official Reports.
Decided on April 23, 2019
Renwick, J.P., Gische, Webber, Singh, JJ.
9072
[*1]In re Zariah M.E. also known as Zariah E., a Dependent Child Under the Age of Eighteen Years, etc., Alexys T. also known as Alexus T., Respondent-Appellant, Administration for Children Services, Respondent, St. Dominic's Family Services, Petitioner-Respondent.
Geoffrey P. Berman, Larchmont, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of 
Resettled order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about April 16, 2018, which, upon a finding a permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Commissioner of the Administration for Children's Services of the City of New York, for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, respondent mother failed to regularly and consistently visit the child and plan for her return (see Social Services Law § 384-b[7][a]). The agency's efforts included, but were not limited to referring the mother for parenting skills and mental health services, attempting to assist her in obtaining housing, and attempting to help her schedule visitation with her daughter (Matter of Cerenithy B. [Ecksthine B.], 149 AD3d 637, 638 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]).
Despite these efforts, the mother went months at a time without visiting, which in itself constituted a ground for a finding of permanent neglect (Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]). She also failed to plan for the return of the child, in particular by not addressing her own mental health issues, which was a key component of any [*2]reunification plan (see Matter of Frank Enrique S. [Karina Elizabeth F.], 168 AD3d 539, 540 [1st Dept 2019]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK