Matter of Elijah G. (Stephanie S.) (2019 NY Slip Op 04866)





Matter of Elijah G. (Stephanie S.)


2019 NY Slip Op 04866


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


9630 9629

[*1]In re Elijah G., and Another, Dependent Children Under the Age of Eighteen Years, etc., Stephanie S., Respondent-Appellant, Saint Dominic's Home and Administration for Children's Services, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Emily Olshansky, J.), entered on or about November 13, 2017 and December 5, 2017, which, upon findings of permanent neglect, terminated respondent mother's parental rights to each of the subject children, and committed them to the care and custody of the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.
The determination that the children were permanently neglected by the mother is supported by clear and convincing evidence (see Social Services Law § 384-b[7][a]). The agency engaged in diligent efforts to encourage and strengthen the mother's relationship with the children by developing an individualized plan tailored to fit the mother's needs, including a program instructing about the dangers of allowing the children to be in the same home as a person using PCP, which can cause hallucinations and make people violent. The mother was given multiple referrals for domestic violence counseling, parenting skills and individual counseling, and was granted visitation (see Matter of Cerenithy B. [Ecksthine B.], 149 AD3d 637 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]). Despite these efforts, the mother failed to benefit from the services offered, as evidenced by her acknowledgment that after the children suffered serious burns, which the court found to have been deliberately inflicted, the mother did not bring the children to get medical attention for the burns in a timely manner, and generally continued to deny responsibility for the conditions that led to the children's removal, including maintaining a relationship with an individual who tested positive for PCP (Matter of Unique M. [Veronica A.], 154 AD3d 590 [1st Dept 2017], lv denied 30 NY3d 909 [2018]).
A preponderance of the evidence supports the determination that termination of the mother's parental rights was in the best interests of the children (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the children have been in a stable, safe and loving foster home, with the maternal grandfather and maternal step-grandmother, for several [*2]years, where all of their special needs are being met, and that the foster parents wish to adopt them (see Matter of Jayvon Nathaniel L. [Natasha A.], 70 AD3d 580 [1st Dept 2010]). The circumstances presented do not warrant a suspended judgment (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK