Matter of Shilloh M.J (Jamesina M.J.) (2020 NY Slip Op 03080)





Matter of Shilloh M.J (Jamesina M.J.)


2020 NY Slip Op 03080


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Renwick, J.P., Richter, Manzanet-Daniels, Singh, Moulton, JJ.


61/15 11575A 11575

[*1]In re Shilloh M.J., and Others, Dependent Children Under the Age of Eighteen Years, etc. Jamesina M.J., Respondent-Appellant, Saint Dominic's Home, Petitioner-Respondent, Administration for Children's Services, Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Larry S. Bachner, New York, attorney for the children Shilloh M. J. and Khalil T.J.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child Cobey R.R.



Orders, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about January 17, 2019, which, inter alia, upon findings that respondent mother permanently neglected the subject children, terminated respondent's parental rights to the children and committed custody and guardianship of the children to petitioner agency and the Administration for Children's Services for the purpose of adoption, unanimously modified, on the facts, to vacate the order that terminated respondent's parental rights to the child Cobey and freed him for adoption, and the matter remanded to Family Court for a new dispositional hearing regarding the best interests of Cobey, and otherwise affirmed, without costs.
The agency demonstrated by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship, and notwithstanding these efforts, the mother permanently neglected the children by failing to plan for their future (see Social Services Law § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). The evidence shows that the agency developed a plan tailored to respondent's needs by, among other things, referring her for a mental health evaluation and drug treatment program, scheduling regular supervised visitation with the children, and meeting with her to review the service plan and discuss the importance of compliance (see e.g. Matter of Nahzzear Y.G. [Tanisha N.], 172 AD3d 526 [1st Dept 2019], lv denied 33 NY3d 1113 [2019]). Despite these diligent efforts, respondent was uncooperative, as she refused to follow up on the multiple referrals for required services and to permit agency visits to her home. She also did not provide documentation verifying her participation in mental health services pursued on her own, or sign consent forms so that the agency could confirm with the provider directly (see Matter of Angelica D. [Deborah D.], 157 AD3d 587, 588 [1st Dept 2018]).
The finding that termination of respondent's parental rights is in the children's best interests is supported by a preponderance of the evidence (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the children have been in the same pre-adoptive stable foster home since 2013, where they are well cared for and their needs are met. As there is [*2]no evidence that any additional delay would alter the situation, a suspended judgment is not warranted (see Matter of Alexandria D. [Brenda D.], 136 AD3d 604 [1st Dept 2016]).
Although the record supports the court's determination that adoption by the foster parents is in the children's best interests, we remand the matter for a new dispositional hearing with respect to Cobey. His attorney has advised that he is no longer in the same pre-adoptive home, is now 16 years old, and does not consent to being adopted (see Matter of Eugene L., 22 AD3d 348, 348-349 [1st Dept 2005], lv denied 6 NY3d 715 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK