Matter of Frederick T. (Maria T.) (2021 NY Slip Op 00817)





Matter of Frederick T. (Maria T.)


2021 NY Slip Op 00817


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Oing, JJ. 


Docket No. B-46535-16 B-23593-17 Appeal No. 13063 Case No. 2020-00007 

[*1]In the Matter of Frederick T. and Another, Children Under Eighteen Years of Age, etc., MariaT., Respondent-Appellant, Sheltering Arms Children and Family Services, Petitioner-Respondent. 


Larry S. Bachner, New York, for appellant.
Dawn M. Shammas, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Maria Arias, J.), entered on or about December 3, 2019, which, upon a fact-finding determination that respondent mother violated the terms of a suspended judgment, terminated her parental rights to the subject children, and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The determination that the mother violated the terms of a suspended judgment is supported by a preponderance of the evidence (see Matter of Kendra C.R. [Charles R.], 68 AD3d 467 [1st Dept 2009], lv dismissed and denied 14 NY3 870 [2010]). The record shows that the mother failed to consistently visit with the children, participate in individual and dyadic therapy, obtain suitable housing for herself and the children, and obtain a source of income (see Matter of Lourdes O., 52 AD3d 203, 203 [1st Dept 2008]).
A preponderance of the evidence also supports the determination that termination of the mother's parental rights was in the children's best interests (Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). At the time of the dispositional hearing, the mother was not enrolled in individual or dyadic therapy and was visiting the children inconsistently. She also failed to take steps to secure suitable housing and a source of income. In contrast, the children had been living with the same foster family since infancy, and their foster mother, who fully provided for their special needs, wished to adopt them (see Matter of Dayjore Isaiah M., 109 AD3d 745 [1st Dept 2013]).
The mother's contention, that the Family Court's finding of permanent neglect, made upon the mother's admission, does not have a sound and substantial basis in the record, is not preserved for appellate review (Matter of Anjae R.K. [Johnayia S.]., 183 AD3d 735 [2d Dept 2020], lv denied 35 NY3d 910 [2020]), and we decline to review it in the interest of justice. Were we to review it, we would find that the record supports the court's finding and demonstrates that the court took great care in explaining every provision of the suspended judgment to the mother and gave her several opportunities to discuss the suspended judgment agreement with her attorney and social worker off the record and even offered to adjourn the proceeding for her to think more about the decision. In light of the foregoing, we find that the mother's allocution was knowing, voluntary, and intelligent.
Based on the existing record, the mother was afforded meaningful representation. The mother challenges the attorney's strategic decision not to call her as a witness during either the violation or dispositional hearings. However, the reasons for that decision cannot be ascertained from the record. Moreover, an attorney's failure to call a witness at trial does not, by itself, constitute ineffective assistance of counsel, especially where the testimony could have [*2]been damaging to the client's position (see People v Brooks, 283 AD2d 367, 368 [1st Dept 2001], lv denied 96 NY2d 916 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021