Matter of Heaven Gabriella B. (Tamara B.) (2021 NY Slip Op 05395)





Matter of Heaven Gabriella B. (Tamara B.)


2021 NY Slip Op 05395


Decided on October 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 07, 2021

Before: `Manzanet-Daniels, J.P., Mazzarelli, Moulton, González, Pitt, JJ. 


Docket No. B-00293/15 Appeal No. 14307 Case No. 2020-04659 

[*1]In the Matter of Heaven Gabriella B., A Child Under Eighteen Years of Age, etc., Tamara B., Respondent-Appellant, St. Dominic's Home, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Law Office of Ira L. Eras, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for child.



Order, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about February 28, 2020, which, upon a fact-finding determination that respondent mother permanently neglected the subject child, terminated her parental rights and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Family Court correctly determined that reasonable efforts by petitioner to return the child to respondent's home were no longer required (Family Court Act § 1039-b[a]). Petitioner demonstrated that respondent's parental rights to several of the child's older siblings had been involuntarily terminated (id. § 1039-b[b][6]; see e.g. Matter of Nevaeh Karen B. [Tamara B.], 134 AD3d 438 [1st Dept 2015]), and respondent failed to show that providing reasonable efforts would be in the child's best interests, not contrary to the child's health and safety, and would likely result in her reunification with the child in the foreseeable future (Family Ct Act § 1039-b).
The determination of permanent neglect is supported by clear and convincing evidence that respondent failed to plan for the child's future during the relevant period (see Social Services Law § 384-b[7][a]). Respondent demonstrated a lack of insight into her parenting deficiencies and her inability to provide the child with a safe and appropriate home (see Matter of Nevaeh Karen B., 134 AD3d at 439). Moreover, she failed to take steps to correct the conditions that led to the removal of the child from the home, including failing to complete her individual counseling program designed to assist her in anger management, missing visits, and engaging in aggressive and inappropriate behavior towards agency staff and the child's foster mother (id.; see Matter of Angelica D. [Deborah D.,], 157 AD3d 587 [1st Dept 2018]; Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d 540 [1st Dept 2020]).
The record supports the court's determination that the best interests of the child would be served by terminating respondent's parental rights and freeing the child for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147—148 [1984]; Matter of Alexandria D. [Brenda D.], 136 AD3d 604, 604 [1st Dept 2016]).
We have considered respondent's remaining contentions, to the extent preserved, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2021