Matter of Maria G.T. (Maria T.) (2023 NY Slip Op 00952)

Matter of Maria G.T. (Maria T.)

2023 NY Slip Op 00952

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Kapnick, J.P., Oing, Kennedy, Pitt-Burke, JJ. 

Docket No. B-07680-19 Appeal No. 17377 Case No. 2022-00721 

[*1]In the Matter of Maria G.T., a Child Under Eighteen Years of Age, etc., Maria T., Respondent-Appellant, Sheltering Arms Children & Family Services, Petitioner-Respondent.

Steven P. Forbes, Huntington, for appellant.
Sheltering Arms Children & Family Services, Bronx (Emily Lovejoy of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.

Order of fact-finding and disposition, Family Court, New York County (Maria Arias, J.), entered on or about December 10, 2021, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence. The record demonstrates that the agency expended diligent efforts by discussing with the mother the necessity of completing her service plan, scheduling visitation, and referring her for mental health services and dyadic therapy to strengthen her relationship with the child (see Matter of Serenity K.T. [Shanisha S.], 190 AD3d 572, 573 [1st Dept 2021]; Matter of Asar S.W. [Marie G.], 182 AD3d 519, 520 [1st Dept 2020]). The mother failed to complete any portion of her service plan, demonstrating a lack of insight into the conditions that led to the child's removal (see Matter of Amanda M.T. [Charles Franklin T.], 189 AD3d 470, 471 [1st Dept 2020], lv denied 36 NY3d 907 [2021]; Matter of L. Children [Wileen J.], 168 AD3d 455, 456 [1st Dept 2019]), as well as the termination of parental rights as to two older children (Matter of Frederick T. [Maria T.], 191 AD3d 489 [1st Dept 2021], lv denied 37 NY3d 926 [2021]). Moreover, she failed to visit her daughter consistently and attended less than half of the scheduled visits (see Matter of Aisha C., 58 AD3d 471, 472 [1st Dept 2009], lv denied 12 NY3d 706 [2009]).
A preponderance of the evidence supports the court's determination that termination of the mother's parental rights was in the best interests of the child, who had been in the same foster home for her entire life, where she was closely bonded with the foster family, and the foster parents wished to adopt her (see Matter of Ashley R. [Latarsha R.], 103 AD3d 573, 574 [1st Dept 2013], lv denied 21 NY3d 857 [2013]). A suspended judgment was not appropriate here given the length of time the child had been in foster care, the strong ties she had formed with her foster family, and because there was no evidence that the mother had a realistic and feasible plan to provide an adequate and stable home for the child (see Matter of Asar S.W., 182 AD3d at 520).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023