Matter of Ethan M. (Miguel M.) (2024 NY Slip Op 00137)

Matter of Ethan M. (Miguel M.)

2024 NY Slip Op 00137

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Renwick, P.J., Manzanet-Daniels, González, Rodriguez, Pitt-Burke, JJ. 

Docket No. NN-08085/21 Appeal No. 1403-1403A Case No. 2023-00220 

[*1]In the Matter of Ethan M., A Child Under Eighteen Years of Age, etc., Miguel M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. Linda M., Nonparty-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chase H. Merchanick of counsel), for Administration for Children's Services, respondent.
Law Office of Bryan Greenberg LLC, New York (Bryan S. Greenberg of counsel), for Linda M., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about October 21, 2022, to the extent it brings up for review an amended fact-finding order, same court and Judge, entered on or about December 5, 2022, which found that respondent father neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports Family Court's finding of neglect based on the father's misuse of drugs (Family Ct Act § 1012[f][i][B]). The caseworker's uncontroverted and credible testimony established that the father admitted that he had "relapsed," and the child reported that the father used drugs, left "dirty needles" in various rooms around the house, and had asked the child for "clean" urine. The child further stated that the father's "strange" behavior was occurring more frequently (see Matter of Maranda LaP. v Francesca LaP., 23 AD3d 221, 222 [1st Dept 2005]). When the caseworker sought more information from the child during her investigation, the father became volatile and asked the caseworker to leave the house.
Contrary to the father's argument, the child's statements were sufficiently corroborated by his own admission that he had relapsed (see Matter of C.L. [Edward L.], 214 AD3d 481, 482 [1st Dept 2023]), as well as by the caseworker's observations (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018]). The child's statements were sufficiently detailed and there is no reason to disturb the court's credibility findings which are entitled to deference (see Matter of Harrhae Y. [Shy-Macca Ernestine B.], 112 AD3d 512, 513 [1st Dept 2013]). The court properly drew a negative inference from the father's failure to testify (see Matter of Adonis H. [Enerfry H.], 198 AD3d 478, 479 [1st Dept 2021]). Under these circumstances, there is a statutory presumption of neglect, which the father failed to refute, as he presented no evidence that he was participating in a rehabilitative program (see Matter of Sahairah J. [Rosemarie R.] 135 AD3d 452 [1st Dept 2016]).
The father's contention that he is entitled to a missing witness inference is unpreserved and unavailing (see Matter of Kayvon B., 85 AD3d 452 [1st Dept 2011]). The father's argument that he was denied effective assistance of counsel is likewise
unpreserved (see Matter of Iyana W. [Shamark W.], 124 AD3d 418 [1st Dept 2015]) and unavailing (see Matter of Frederick T. [Maria T.], 191 AD3d 489, 490 [1st Dept 2021]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024