Matter of M.V. (2025 NY Slip Op 00642)

Matter of M.V.

2025 NY Slip Op 00642

Decided on February 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 04, 2025

Before: Friedman, J.P., Gesmer, González, Scarpulla, Pitt-Burke, JJ. 

Docket No. B-10015/20, B-10016/20 Appeal No. 3611 Case No. 2022-05780 

[*1]In the Matter of M.V. and Another, Dependent Children Under Eighteen Years of Age, etc., Forestdale, Inc., Petitioner-Respondent, Ramona M.V., Respondent-Appellant, Ceiro V.D., Also Known as Ceiro D., etc., Respondent. 

Deborah D. Clegg, Croton Falls, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Marion C. Perry of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child, M.V.
Carol L. Kahn, New York, attorney for the child, H.V.,

Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 16, 2022, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child M.V. and committed custody and guardianship of the child to petitioner agency and the Commissioner for the Administration of Children's Services for the purpose of adoption, unanimously modified, on the facts, to vacate the order terminating the mother's parental rights to the child M.V. and freeing her for adoption, and to remand the matter to Family Court for a new dispositional hearing regarding M.V's best interests, and otherwise affirmed, without costs. Order, same court and Judge, entered on or about December 16, 2022, which, upon a finding of permanent neglect, terminated the mother's parental rights to the subject child H.V. and committed custody and guardianship of the child to petitioner agency and the Commissioner for the Administration of Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The findings of permanent neglect are supported by clear and convincing evidence that despite the agency's diligent efforts to encourage and strengthen the parental relationship, the mother failed to plan for the children's return (Social Services Law § 384-b[7][a]). The mother's service plan called for substance abuse treatment, mental health services, a parenting skills program, maintaining her sobriety, and consistent visitation with the children, and the agency made repeated attempts to engage the mother in her service plan (see Matter of N.S. [M.H.], 228 AD3d 471, 472 [1st Dept 2024]).
Despite these efforts, the mother failed to plan for the children's future by failing to complete any portions of the service plan and demonstrating a lack of insight into the conditions that led to the children's removal (see Matter of Maria G.T. [Maria T.], 213 AD3d 556, 557 [1st Dept 2023]). During the relevant time period, despite being engaged in substance abuse treatment and having attended an inpatient rehab program, the mother repeatedly tested positive for cocaine and marijuana. Her engagement in services at Promesa was inconsistent and resulted in being discharged due to lack of compliance. She also failed to meaningfully and consistently engage in mental health services where she missed multiple appointments and reported irregular compliance with medication management. Moreover, she never completed a parenting skills program, despite referrals to multiple providers, and she failed to visit the children regularly.
A preponderance of the evidence supports the determination that it was in the best interests of the children to terminate the mother's parental rights and free the children for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The record shows that the child H.V. was doing well living with the foster mother, who had cared for her since 2018, and that the foster mother wished to adopt [*2]her (see Matter of Raul R. [III] [Raul R.-Cinthia R.], 199 AD3d 594, 595 [1st Dept 2021], lv denied 38 NY3d 944 [2022]).
As for M.V., the record also supported the court's determination that adoption by the foster parent was in her best interests. However, the dispositional finding is vacated, and the matter remanded for a new dispositional hearing with respect to M.V. due to changed circumstances (see Matter of Michael B., 80 NY2d 299, 318 [1992]). Her attorney has advised that she no longer resides in the same pre-adoptive foster home, is now 15 years old, and does not consent to being adopted (see Matter of Daleena Q.T. [Wanda W.], 211 AD3d 497, 499 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2025