Matter of E. M. (Josephine B.) (2025 NY Slip Op 01172)

Matter of E. M. (Josephine B.)

2025 NY Slip Op 01172

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Docket No. B-18726-8/21 B-18726/22 B-18727/22 B-18728/22|Appeal No. 3788-3788A|Case No. 2024-00158|

[*1]In the Matter of E. M. And Others, Dependent Children Under Eighteen Years of Age, etc., Children's Aid Society, Petitioner-Respondent, Josephine B., Respondent-Appellant, Pedro M. Jr., Respondent. 

Andrew J. Baer, New York, for appellant.
Rosin Steinhagen Mendel, PLLC, New York (Tennille M. Tatum-Evans of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child E.M.
Steven P. Forbes, Huntington, attorney for the child M.M.
Aleza Ross, Patchogue, attorney for the child P.M.

Orders, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 6, 2023, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject children and transferred custody of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect against the mother was supported by clear and convincing evidence. The record shows that the agency made diligent efforts to encourage and strengthen the relationship between the mother and the children by (i) maintaining frequent contact with the mother; (ii) meeting with the mother to review the service plan and emphasize the importance of compliance with the service plan; (iii) scheduling visitation and encouraging the mother to resume in-person visitation with the children; (iv) monitoring the mother's mental health treatment progress with her provider; and (v) referring the mother to parenting skills and training and anger management classes (see Matter of Serenity K.T. [Shanisha S.], 190 AD3d 572, 573 [1st Dept 2021]).
Despite the agency's diligent efforts, the mother failed to plan for the children's return during the statutorily relevant time period. The case planner's fact-finding testimony and the agency's progress notes in evidence established that the mother did not complete her service plan and demonstrated a lack of insight into the conditions that led to the children's removal (see Matter of Tashenea J.S. [Donald R.], 227 AD3d 514, 514 [1st Dept 2024], lv denied 42 NY3d 906 [2024]). The mother failed to visit the children regularly, missing approximately half of the scheduled visits (see Matter of B.W. [N.W.], 214 AD3d 425, 426 [1st Dept 2023], lv denied 39 NY3d 915 [2023]). The mother failed to testify or present any evidence, and her various explanations for her failure to comply with all of her services, attend the majority of her case planning sessions, and visitation are speculative and otherwise unsupported by the credible evidence.
The finding that termination of the mother's parental rights is in the children's best interests is supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d 540, 541 [1st Dept 2020]). As to the child P.M., the record shows that he has been in the same foster home since 2020, where he is well cared for and his needs are met, and his foster mother wishes to adopt him (see Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d at 541). Regarding E.M. and M.M., despite the children's previous ambivalence about adoption and the possibility that their respective foster mothers may not be willing to adopt, termination of parental rights to free the children for possible adoption is in their best interests (see Matter of Bianca J.N. [Swevia C.N.], 166 AD3d 466, 467 [1st Dept 2018]; Matter of Isaac Ansimeon F[*2]. [Mark P.], 128 AD3d 486, 486 [1st Dept 2015]). This is particularly true given that they have been out of the mother's care since 2017, have thrived in foster care, and expressed their desire not to return to the mother's care. The record shows the court carefully weighed the children's expressed wishes and the mother's failure to complete rehabilitative services in its decision to terminate the mother's parental rights.
A suspended judgment was not appropriate here because there is no evidence that the mother had a realistic and feasible plan to provide an adequate and stable home for the children, particularly in light of her decision to move to Pennsylvania (see Matter of Andrea L.P. [Cassandra M.P.], 156 AD3d 413, 414 [1st Dept 2017]). There is also no evidence to suggest that further delay would lead to family reunification, and the children, all of whom have been out of the mother's care since at least 2017, have expressed a strong desire for permanency (see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]).
The mother's argument that she was denied effective assistance of counsel is unpreserved (see Matter of Ethan M., 223 AD3d 471, 472 [1st Dept 2024]) and, in any event, unavailing (see Matter of Frederick T. [Maria T.], 191 AD3d 489, 490 [1st Dept 2021], lv denied 37 NY3d 926 [2021]; Matter of Devin M. [Margaret W.], 119 AD3d 435, 437 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025