Matter of Serenity R. (Miguel R.) (2025 NY Slip Op 05323)

Matter of Serenity R. (Miguel R.)

2025 NY Slip Op 05323

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Docket No. B9598/20|Appeal No. 4819|Case No. 2024-04069|

[*1]In the Matter of Serenity R., A Child Under Eighteen Years of Age, etc., Miguel R., etc., Respondent-Appellant, Good Shepherd Services, Petitioner-Respondent.

Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Richard Cardinale, Brooklyn, attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Ashley B. Black, J.), entered on or about June 20, 2024, which, inter alia, upon a fact-finding determination that respondent father's consent was not required for the subject child's adoption pursuant to Domestic Relations Law § 111 and that he permanently neglected the child pursuant to Social Services Law § 384-b, terminated his parental rights and freed the child for adoption, unanimously affirmed, without costs.
Family Court's finding that the father's consent to adoption was not required under Domestic Relations Law § 111 was supported by clear and convincing evidence. The father, among other things, did not pay for financial support for the child, and his incarceration did not "absolve him of his responsibility to support and maintain regular communication with the [child]" (Matter of Aaron P., 61 AD3d 448, 448 [1st Dept 2015] [internal quotation marks omitted]).
In the alternative, even if the father's consent was required, Family Court's finding of permanent neglect was supported by clear and convincing evidence (see Social Services Law § 384-b). The record supported the determination that the agency is excused from its efforts to reunite the father and child, as such efforts would be detrimental to the best interests of the child given that the father's earliest possible release date from prison will be when the child will be in her 20s (see Matter of Isaac Ansimeon F. [Mark P.], 128 AD3d 486 [1st Dept 2015]). In any event, despite the agency's diligent efforts under the circumstances, the father failed to provide a realistic and feasible plan for the child's future, as his sole plan for the child was to remain in foster care until his release from prison (id.).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025