Matter of O.J.V. (S.V.) (2026 NY Slip Op 01930)

Matter of O.J.V. (S.V.)

2026 NY Slip Op 01930

Decided on March 31, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026

Before: Moulton, J.P., Kennedy, Rodriguez, Michael, Chan, JJ. 

Docket No. B08712/24, B08713/24|Appeal No. 6240-6240A|Case No. 2025-03371|

[*1]In the Matter of O.J.V. Also Known as O.K.M., and Another, Children Under the Age of Eighteen Years, etc., S.V., Respondent-Appellant, Graham Windham, Petitioner-Respondent. 

Anne Reiniger, New York, for appellant.
Leventhal Mullaney & Blinkoff, LLP, Roslyn (Jeffrey Blinkoff of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.

Orders, Family Court, Bronx County (Gigi Parris, J.), entered on or about May 14, 2025, which, upon a fact-finding determination after inquest that respondent mother permanently neglected the subject children, terminated her parental rights to the children and committed their guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from the fact-finding determination unanimously dismissed, without costs, as no appeal lies from a determination entered on default.
The finding that the mother permanently neglected the children is not appealable because it was entered on her default at the fact-finding portion of the proceeding, and she did not attempt to vacate the default (see R.M. v S.B., 245 AD3d 419 [1st Dept 2026]). Were we to consider the mother's arguments on the merits, we would determine that the finding that the mother permanently neglected the children is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]; see Matter of Nahajah Lituarrah Lavern K. [Tiffany Renee W.], 67 AD3d 565, 566 [1st Dept 2009]). The credible evidence established that the agency made diligent efforts to encourage and strengthen the relationship between the mother and children by, inter alia, scheduling and arranging for in-person and virtual visitation and developing a service plan for the mother to follow, including parenting classes and mental health services, which was clearly communicated to her (see id). Notwithstanding the agency's diligent efforts, while the mother completed some aspects of her service plan, it was clear from her behavior that she had not meaningfully benefited from such services, and she failed to attend mental health services and visits with the children (see Matter of Alexis C. [Jacqueline A.], 99 AD3d 542, 542-543 [1st Dept 2012], lv denied 20 NY3d 856 [2013]).
Moreover, a preponderance of the evidence supports the determination that termination of the mother's parental rights is in the children's best interests (see Matter of Shilloh M.J. [Jamesina M.J.], 183 AD3d 540, 541 [1st Dept 2020]. The evidence presented at the dispositional hearing established that the children were doing well living with their respective pre-adoptive foster parents, with whom they have resided for much of their lives, and who have met all of their special needs (see id.). By contrast, the mother has never cared for the children, was not attending mental health services, and continued to engage in behavior detrimental to the children (see Matter of Maria G.T. [Maria T.], 213 AD3d 556, 557 [1st Dept 2023]).
There is no basis for a suspended judgment (see Matter of Felicia Malon Rogue J. [Lena J.], 146 AD3d 725, 726 [1st Dept 2017]). The mother presented no evidence in support of her claim that therapeutic visits and mental health services were imminent, or that she would meaningfully engage in or benefit from those services, especially where she had failed to do so previously.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2026